```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

FREDERICK H.K. BAKER, JR.;     )  CIVIL NO. 13-00159 LEK-KSC
and HAUNANI Y. BAKER,          )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
STATE OF HAWAII, STATE OF      )
HAWAII BY ITS DEPARTMENT OF    )
HAWAIIAN HOME LANDS; NEIL      )
ABERCROMBIE; HUGH E. GORDON;   )
SCOTT D. PARKER; ROBERT        )
KORBEL DAVIS, JR; JOHN DOES    )
1-100; and JANE DOES 1-100,    )
                               )
          Defendants.          )
_____)
```

**ORDER DENYING PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION**

Before the Court is pro se Plaintiffs Frederick H.K. Baker, Jr. and Haunani Y. Baker's (collectively, "Plaintiffs") Motion for Temporary Restraining Order and Permanent Injunction ("Motion"), filed June 26, 2013.  [Dkt. no. 23.]  Pursuant to this Court's June 27, 2013 entering order ("6/27/13 EO"), [dkt. no. 25,] Plaintiffs filed a supplemental memorandum in support of the Motion on July 8, 2013, [dkt. no. 32,] and Defendants the State of Hawai`i ("the State"), Department of Hawaiian Home Lands ("DHHL") and Neil Abercrombie (collectively, "Defendants") filed their response to Plaintiffs' supplemental memorandum ("Response") on July 16, 2013 [dkt. no. 35].  The Court finds this matter suitable for disposition without a hearing pursuant

to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiffs filed this action on April 4, 2013. Plaintiffs previously filed a Motion for Expedited Temporary Restraining Order and Permanent Injunction ("5/29/13 Motion"), [dkt. no. 9,] which this Court denied as moot when Plaintiffs filed their First Amended Civil Rights Complaint ("First Amended Complaint"). [EO, filed 6/14/13 (dkt. no. 18) (order denying 5/29/13 Motion); First Amended Complaint, filed 6/12/13 (dkt. no. 21).]

According to the First Amended Complaint, Plaintiffs resided on "a tract of Agricultural Hawaiian home land" in Hilo, Hawai`i ("the Property") from October 1981 until May 9, 2013, when the State and DHHL "illegally took possession of such Property . . . ." [First Amended Complaint at ¶¶ 6-7.] On May 9, 2013, DHHL executed a Writ of Possession on the Property. [Response, Decl. of Paul Ah Yat ("Ah Yat Decl.") at ¶ 3, Exh.

A.[1]]  Upon Plaintiffs' ejectment from the Property, DHHL placed Plaintiffs' belongings that remained on the Property in a storage facility.  DHHL requires that Plaintiffs pay all outstanding debts with DHHL to obtain the release of Plaintiffs' belongings. [Pltfs.' Suppl. Mem. in Supp. of Motion, Exh. A (Property Waiver Form).]

Plaintiffs signed a Lease for the Property in June 1982, and received a $27,000.00 loan from DHHL to execute their farm plan.  As of 2003, Plaintiffs had repaid $23,500.00 of the loan.  According to Plaintiffs, they tried to continue making payments on the loan, but in 2005 Defendants stopped accepting payments.  [First Amended Complaint at ¶¶ 9-10.]  On October 13, 2006, a hearings officer recommended the cancellation of Plaintiffs' lease because Plaintiffs had failed to make payments on the loan, which was secured by the lease on the Property.  The Hawaiian Homes Commission ("HHC") adopted the recommendation on December 15, 2006 and ordered the cancellation of Plaintiffs' lease.  Plaintiffs allege that the cancellation violated their rights under the United States Constitution and under the Hawaiian Homes Commission Act of 1920.[2]  [Id. at ¶¶ 12-14.]

---

[1] Ah Yat is a DHHL Enforcement Officer.  [Ah Yat Decl. at ¶ 1.]

[2] The First Amended Complaint also alleges the illegal taking of a radio tower, [First Amended Complaint at ¶¶ 15-16,] but the claims related to the radio tower are not at issue in the
(continued...)

The First Amended Complaint alleges the following claims: a claim for the taking of property in violation of the due process clause and the equal protection clause of the Fourteenth Amendment ("Count I"); and a retaliation claim ("Count II").  Plaintiffs seek: injunctive relief, including, *inter alia*, the return of their property and land; compensatory and punitive damages; appointment of counsel and attorneys' fees; and any other appropriate relief.

In the instant Motion, Plaintiffs argue that the cancellation of the lease and their ejectment from the Property were illegal because Plaintiffs made, or attempted to make, all required payments on the loan and because their "land, home, or personal property was not used as collateral to obtain the loan[.]"  [Motion at 4.]  Plaintiffs seek a temporary restraining order precluding Defendants from selling, transferring, or giving Plaintiffs' belongings to any other party.  [Id. at 10.]

## DISCUSSION

In general, a plaintiff seeking a temporary restraining order or a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

---

²(...continued)
instant Motion.

in the public interest." Hunger v. Univ. of Hawai`i, Civil No. 12-00549 LEK-RLP, 2013 WL 752871, at *7 (D. Hawai`i Feb. 26, 2013) (some citations omitted) (citing Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009)).

      In the instant case, the critical issue is whether Plaintiffs can establish that they are facing **imminent** irreparable harm. See Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) ("To seek injunctive relief, a plaintiff must show that he is under threat of suffering injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." (citation and internal quotation marks omitted)).

      Plaintiffs argue that they are facing the imminent irreparable harm of losing their belongings that DHHL is holding in storage because, on May 9, 2013, DHHL informed Plaintiffs they had until June 10, 2013 to reclaim their belongings before DHHL disposed of them. During proceedings related to the 5/29/13 Motion, however, Defendants' counsel stated that Defendants would comply with state law regarding the disposal of Plaintiffs' belongings and would not dispose of their belongings for at least sixty days from May 9, 2013. [Pltfs.' Suppl. Mem. in Supp. of

Motion at 1-2; id., Exh. A; id., Exh. B (letter dated 6/4/13 to Plaintiffs from DHHL).] Plaintiffs argue that Defendants' positions regarding the disposal of Plaintiffs' belongings have been inconsistent and that the May 9, 2013 Property Waiver Form violated the law regarding the disposal of Plaintiffs' belongings. Plaintiffs also argue that they are facing imminent irreparable harm because Defendants' counsel refused Plaintiffs' request for the return of their medical items in storage. [Pltfs.' Suppl. Mem. in Supp. of Motion at 2-3.]

Haw. Rev. Stat. § 171-31.5 governs the disposition of property seized on State land. It requires, *inter alia*: "notice by certified mail, at least thirty days prior to disposition of the abandoned or seized property, to the address of the owner of the property abandoned or seized[;]" and, if the property has an estimated value of $1,000 or more, a public auction with prior notice to the public. Haw. Rev. Stat. § 171-31.5(b)-(d). Further,

> Any person entitled to the abandoned or seized property may repossess the property prior to its disposition upon proof of entitlement and payment of all unpaid rent, debts, charges, and fines owing and all handling, storage, appraisal, advertising, and any other expenses incurred in connection with the proposed disposition of the abandoned or seized property.

§ 171-31.5(e).

DHHL has not taken any steps to dispose of Plaintiffs' belongings pursuant to § 171-31.5. [Ah Yat Decl. at ¶ 6.]

Defendants have affirmed that, when they do decide to dispose of Plaintiffs' belongings, they will comply with § 171-31.5. [Response at 2.]  Insofar as Plaintiffs have not presented any evidence of the imminent disposal of their belongings, this Court FINDS that Plaintiffs have not established that they are facing imminent irreparable harm.

Plaintiffs also argue that they are facing imminent irreparable harm because Defendants have refused Plaintiffs' request for the return of certain medical items.  Plaintiffs sent Defendants a letter dated June 7, 2013 requesting the return of a list of items which Plaintiffs argued were "necessities of life[.]"  [Response, Decl. of Matthew S. Dvonch ("Dvonch Decl."), Exh. C at 1 (emphasis omitted).]  The list includes "Chinese herbs and medicine" and various medical files and records.  [Id.]  The list, however, also includes two VCR/DVD players, tools, clothing and shoes, bedding, towels, photo albums, appliances, pots and pans, food, and various religious items.  [Id. at 2.]  Defendants denied the request, stating that Plaintiffs would only be allowed to retrieve the list of items if Plaintiffs made the payments required by § 171-31.5.  [Dvonch Decl., Exh. D (letter dated 6/14/13 to Plaintiffs from Matthew S. Dvonch).]  Defendants note that, on May 9, 2013, DHHL allowed Plaintiffs one hour and fifteen minutes to gather any items they wanted to take with them from the Property.  Plaintiff removed, *inter alia*, blood pressure

7

medicine, oral supplements, clothing, and files.  In addition, at Plaintiffs' request, DHHL had a contractor pack and deliver approximately twenty paintings.  Defendants emphasize that Plaintiffs chose not to remove the items listed in Plaintiffs' June 7, 2013 letter.  [Id. at 1.]  Defendants therefore argue that, because Plaintiffs had ample time to remove the items in the June 7, 2013 letter and the items constitute almost everything currently in storage, Plaintiffs cannot show that the items are necessities and therefore Plaintiffs cannot establish that the lack of access to the items constitutes imminent irreparable harm.  [Response at 4-5 & n.2.]  This Court agrees and FINDS that, because Plaintiffs failed to take reasonable steps that would have allowed them to retain the medical items referred to in their Supplemental Memorandum, Plaintiffs cannot establish that their lack of access to those items constitutes an imminent threat of irreparable harm.

Insofar as Plaintiffs have not established that they are likely to suffer irreparable harm unless this Court grants a temporary restraining order, this Court CONCLUDES that Plaintiffs are not entitled to either a temporary restraining order or an injunction at this time.  This Court need not address whether Plaintiffs can establish the other requirements for a temporary restraining order or an injunction.  Plaintiffs' Motion is therefore DENIED.

This Court, however, recognizes that, as this case proceeds, the parties will continue to wrestle with issues regarding the storage of Plaintiffs' belongings and Plaintiffs' access, if any, to the items.  Alternative dispute resolution is the preferable means to resolve these issues instead of further motions seeking temporary restraining orders.  This Court will therefore issue an order directing the parties to mediation.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Temporary Restraining Order and Permanent Injunction, filed June 26, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 24, 2013.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FREDERICK H.K. BAKER, ET AL. V. STATE OF HAWAII, ET AL.; CIVIL NO. 13-00159 LEK-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION**