IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FREDERICK H.K. BAKER, JR. and )      CIVIL NO. 13-00159 LEK-KSC
HAUNANI Y. BAKER,             )
                             )
          Plaintiffs,         )
                             )
     vs.                      )
                             )
STATE OF HAWAI`I; STATE OF    )
HAWAI`I BY ITS' DEPARTMENT OF )
HAWAIIAN HOME LANDS; NEIL     )
ABERCROMBIE; HUGH E. GORDON;  )
SCOTT D. PARKER; ROBERT       )
KORBEL DAVIS, JR; JOHN DOES   )
1-100; and JANE DOES 1-100,   )
                             )
          Defendants.         )
_____ )

**ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CIVIL RIGHTS COMPLAINT WITH JURY DEMAND FILED
JUNE 12, 2013 AND GRANTING DEFENDANT ROBERT KORBEL DAVIS JR.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
<u>CIVIL RIGHTS COMPLAINT WITH JURY DEMAND FILED JUNE 12, 2013</u>**

Before the Court are: Defendants the State of Hawai`i

("the State"), Department of Hawaiian Home Lands ("DHHL"), and

Neil Abercrombie's (collectively, "the State Defendants") Motion

to Dismiss Plaintiffs' First Amended Civil Rights Complaint with

Jury Demand Filed June 12, 2013 ("State Defendants' Motion"),

filed on July 1, 2013,[1] and Defendant Robert Korbel Davis, Jr.'s

("Defendant Davis") Motion to Dismiss Plaintiffs' First Amended

---

[1] The State Defendants also filed an errata to the State
Defendants' Motion ("Errata"), which consisted of a replacement
Memorandum in Support of the State Defendants' Motion. [Dkt. no.
28.] All citations to the Memorandum in Support of the State
Defendants' Motion refer to the version in the Errata.

Civil Rights Complaint with Jury Demand Filed on June 12, 2013 ("Davis Motion"), filed August 7, 2013.  [Dkt. nos. 27, 44.]  Pro se Plaintiffs Frederick H.K. Baker, Jr. and Haunani Y. Baker (collectively, "Plaintiffs") filed their memorandum in opposition to the State Defendants' Motion ("State Opposition") on August 1, 2013, and their memorandum in opposition to the Davis Motion ("Davis Opposition") on September 16, 2013.  [Dkt. nos. 42, 53.]  The State Defendants filed their reply ("State Defendants' Reply") on August 12, 2013, and Defendant Davis filed his reply ("Davis Reply") on September 28, 2013.  [Dkt. nos. 47, 57.]

These matters came on for hearing on October 2, 2013. Appearing on behalf of the State Defendants was Craig Iha, Esq., and appearing on behalf of Defendant Davis was Christopher Bennett, Esq.  Plaintiffs appeared by telephone.  For the reasons stated *infra*, however, the parties did not present oral arguments, and this Court deemed the matters submitted on the written briefings.  After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, the State Defendants' Motion and the Davis Motion are HEREBY GRANTED.  Plaintiffs' claims against the State Defendants and Plaintiffs' claims against Defendant Davis are HEREBY DISMISSED WITH PREJUDICE.

**BACKGROUND**

I.   **Background Relevant to the State Defendants' Motion**

Plaintiffs filed this action on April 4, 2013.
Plaintiffs previously filed a Motion for Expedited Temporary
Restraining Order and Permanent Injunction ("First TRO Motion"),
[dkt. no. 9,] which this Court denied as moot when Plaintiffs
filed their First Amended Civil Rights Complaint with Jury Demand
("First Amended Complaint").  [EO, filed 6/14/13 (dkt. no. 18)
(order denying First TRO Motion); First Amended Complaint, filed
6/12/13 (dkt. no. 21).]  Plaintiffs filed a similar motion on
June 26, 2013 ("Second TRO Motion"), which this Court also denied
on July 24, 2013.  [Dkt. no. 23 (Second TRO Motion); dkt. no. 37
(order denying Second TRO Motion).]

According to the First Amended Complaint, Plaintiffs
resided on "a tract of Agricultural Hawaiian home land" in Hilo,
Hawai`i ("the Property") from October 1981 until May 9, 2013,
when the State and DHHL "illegally took possession of such
Property . . . ."  [First Amended Complaint at ¶¶ 6-7.]  On
May 9, 2013, DHHL executed a Writ of Possession on the Property.
[Mem. in Opp. to Pltfs.' Suppl. Mem. in Supp. of Second TRO
Motion, filed 7/16/13 (dkt. no. 35), Decl. of Paul Ah Yat ("Ah
Yat Decl.") at ¶ 3, Exh. A.[2]]  Upon Plaintiffs' ejection from the

--------

[2] Ah Yat is a DHHL Enforcement Officer.  [Ah Yat Decl. at
¶ 1.]

3

Property, DHHL placed Plaintiffs' belongings that remained on the Property in a storage facility.  DHHL requires that Plaintiffs pay all outstanding debts with DHHL to obtain the release of Plaintiffs' belongings.  [Pltfs.' Suppl. Mem. in Supp. of Second TRO Motion, filed 7/8/13 (dkt. No. 32), Exh. A (Property Waiver Form).]

According to the First Amended Complaint, Plaintiffs signed a lease for the Property in June 1982 ("the Lease"), and received a $27,000.00 loan from DHHL to execute their farm plan on the Property ("the Loan").  As of 2003, Plaintiffs had repaid $23,500.00 of the Loan.  According to Plaintiffs, they tried to continue making payments on the Loan, but in 2005 Defendants stopped accepting payments.  [First Amended Complaint at ¶¶ 9-10.]  On October 13, 2006, a hearings officer recommended the cancellation of Plaintiffs' Lease because Plaintiffs had failed to make payments on the Loan, which was secured by the Lease. The Hawaiian Homes Commission ("HHC") adopted the recommendation on December 15, 2006 and ordered the cancellation of the Lease. Plaintiffs allege that the cancellation violated their rights under the United States Constitution and under the Hawaiian Homes Commission Act of 1920 ("HCCA").  [Id. at ¶¶ 12-14.]

The First Amended Complaint alleges the following claims: a claim for the taking of property in violation of the due process clause and the equal protection clause of the

4

Fourteenth Amendment ("Count I"); and a claim that the defendants

retaliated against Plaintiffs in violation of the Fifth Amendment

and the Fourteenth Amendment ("Count II").  Plaintiffs seek:

injunctive relief, including, *inter alia*, the return of the

Property and Plaintiffs' personal belongings; compensatory and

punitive damages; appointment of counsel and attorneys' fees; and

any other appropriate relief.

## II.  **Background Relevant to the Davis Motion**

The First Amended Complaint raises the following

allegations relevant to the Davis Motion:

> 5.   Defendants HUGH E. GORDON,
> SCOTT D. PARKER, and ROBERT KORBEL DAVIS, JR., are
> individuals who purchased a radio license to
> operate a radio station on the Island of Hawai`i,
> and who illegally sold and purchased Plaintiffs'
> property, specifically radio towers.
>
> . . . .
>
> **ILLEGAL TAKING OF RADIO TOWER**
>
> 15.  On November 27, 2002 Defendant Gordon
> purchased the radio license from Plaintiffs.  The
> Property and any control thereof including all
> items, specifically the radio Tower were excluded
> from the sale of the radio license.
>
> 16.  On September 13, 2007 Defendant Gordon
> sold the radio license to Defendant Parker and
> illegal sold the Plaintiffs [sic] radio Tower that
> Plaintiffs never agreed or approved the sale of
> their property, specifically the radio Tower.
>
> . . . .

**GROUND TWO**

. . . .

    19.   That Defendants Hugh E. Gordon,
Scott D. Parker, and Robert Korbel Davis Jr. knew
or should have known that their actions of selling
property that is not their property to sell was in
direct violation of the Fifth and Fourteenth
Amendment to the United States Constitution.

[First Amended Complaint at pgs. 3-6.]  Plaintiffs pray for

twenty-five million dollars in compensatory damages and twenty-

five million dollars in punitive damages from Defendants Gordon,

Parker, and Davis.[3]  [Id. at pg. 7.]

### STANDARD

        The State Defendants and Defendant Davis bring their

respective motions pursuant to Fed. R. Civ. P. 12(b)(1) and

(b)(6).  Rule 12(b)(1) authorizes a district court to dismiss an

action for "lack of subject matter jurisdiction[.]"  "[T]he party

asserting subject matter jurisdiction has the burden of proving

its existence."  Robinson v. United States, 586 F.3d 683, 685

(9th Cir. 2009).  This district court has stated that a Rule

12(b)(1) motion "may (1) attack the allegations of a pleading as

insufficient to confer subject matter jurisdiction on the court

('facial attack') or (2) 'attack the existence of subject matter

---

        [3] Plaintiffs have not completed service upon Defendants
Gordon and Parker.  On September 27, 2013, Plaintiffs filed a
motion for an extension of time to serve Defendants Gordon and
Parker, [dkt. no. 56,] but the magistrate judge denied the motion
on September 30, 2013 [dkt. no. 58].

jurisdiction in fact' ('factual attack')."  Krakauer v. Indymac
Mortg. Servs., Civ. No. 09-00518 ACK-BMK, 2013 WL 704861, at *2
(D. Hawai`i Feb. 26, 2013) (some citations omitted) (quoting
Malama Makua v. Rumsfeld, 136 F. Supp. 2d 1155, 1159 (D. Hawai`i
2001)).

Rule 12(b)(6) permits a motion to dismiss a claim for
"failure to state a claim upon which relief can be granted[.]"
Pursuant to Ashcroft v. Iqbal, "[t]o survive a motion to dismiss,
a complaint must contain sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its
face.'"  555 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.
Twombly, 550 U.S. 554, 570 (2007)); see also Weber v. Dep't of
Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  "[T]he
tenet that a court must accept as true all of the allegations
contained in a complaint is inapplicable to legal conclusions."
Iqbal, 555 U.S. at 678.  Accordingly, "[t]hreadbare recitals of
the elements of a cause of action, supported by mere conclusory
statements, do not suffice."  Id. (citing Twombly, 550 U.S. at
555, 127 S. Ct. 1955).  Rather, "[a] claim has facial
plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  Id. (citing
Twombly, 550 U.S. at 556, 127 S. Ct. 1955).  Factual allegations
that only permit the court to infer "the mere possibility of

misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Fed. R. Civ. P. 8(a)(2).  Id. at 679.

Further, "[d]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment."  Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).  "But courts have discretion to deny leave to amend a complaint for futility[.]"  Johnson v. American Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) (citation and quotation marks omitted).

## DISCUSSION

## I.   Request for Continuance

On September 30, 2013, Plaintiffs filed their Motion for Joinder of Mike Yellen as a Plaintiff in the Instant Cause of Action Pursuant to FRCP, Rules 19, 20, and 21 ("Motion for Joinder").  [Dkt. no. 60.]  The Motion for Joinder is set for hearing before the magistrate judge on November 5, 2013.

At the hearing on the instant motions, Plaintiffs orally requested a continuance of the hearing until the Motion for Joinder was ruled upon.  Plaintiffs argued that they could not adequately defend against the motions to dismiss without Mr. Yellen's participation.  This Court denied the oral motion because: 1) the factual issue whether Mr. Yellen's participation in this action is necessary to protect his interests is unrelated

8

to the legal issues raised in the motions to dismiss; and 2) to the extent that Plaintiffs intended to rely upon to the Motion for Joinder to respond to the motions to dismiss, Plaintiffs failed to file the Motion for Joinder in a timely manner. Plaintiffs' memorandum in opposition to the Davis Motion was due on September 11, 2013, but this Court extended the deadline to September 23, 2013 after Plaintiffs failed to file by September 11.  [Dkt. no. 52.]  Plaintiffs' memorandum in opposition to the State Defendants' Motion was due on August 5, 2013, based on the original hearing date for the State Defendants' Motion.  Thus, the Motion for Joinder was not a timely response to either motion to dismiss.

In light of this Court's denial of the request for a continuance, Plaintiffs refused to present oral argument at the hearing.  This Court therefore deemed the matters submitted on the written briefings.  This Court now turns to the merits of the motions to dismiss.

## II.  Claims Against the State Defendants

### A.  Section 1983 Claims

Although not expressly stated in the First Amended Complaint, both Count I and Count II allege claims pursuant to

42 U.S.C. § 1983.[4]   Count I alleges constitutional violations in

the alleged taking of Plaintiffs' "property and land[,]" [First

Amended Complaint at ¶ 17,] and Count II alleges constitutional

violations in retaliation for Plaintiffs' opposition to "matter

[sic] that were wrong[.]"   [Id. at ¶ 21.]

It is well settled that neither a state, a state

agency, nor a state official sued in his official capacity is a

"person" for purposes of a § 1983 action seeking monetary

damages.   See, e.g., Will v. Mich. Dep't of State Police, 491

U.S. 58, 70-71 (1989).   Further, in enacting § 1983, Congress did

not abrogate the states' Eleventh Amendment immunity.   See id. at

65-66.   Because the State of Hawai`i has not waived its sovereign

immunity, this Court lacks jurisdiction over all of Plaintiffs'

claims alleging federal constitutional violations against the

---

[4] Section 1983 states, in pertinent part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any
> State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen
> of the United States or other person within the
> jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity,
> or other proper proceeding for redress, except
> that in any action brought against a judicial
> officer for an act or omission taken in such
> officer's judicial capacity, injunctive relief
> shall not be granted unless a declaratory decree
> was violated or declaratory relief was
> unavailable. . . .

State and against DHHL, which is an arm of the State.  See Young
v. Hawai`i, 911 F. Supp. 2d 972, 983 (D. Hawai`i 2012).  All of
Plaintiffs' § 1983 claims against the State and DHHL and
Plaintiffs' § 1983 claims for damages against Defendant
Abercrombie, in his official capacity,[5] are DISMISSED WITH
PREJUDICE because Plaintiffs cannot cure the defects in those
claims by amendment.  See Harris, 573 F.3d at 737.

Although Defendant Abercrombie, in his official
capacity, cannot be sued for damages, he is a "person" for
purposes of a § 1983 claim for prospective declaratory or
injunctive relief because "official-capacity actions for
prospective relief are not treated as actions against the State."
See Will, 492 U.S. at 71 n.10.  Similarly, sovereign immunity
does not shield a state officer's alleged violation of the
federal constitution.  Pennhurst State Sch. & Hosp. v. Halderman,
465 U.S. 89, 102 (1984).  Courts, however, cannot award
retroactive relief for a prior violation under the guise of a
prospective injunction.  See Edelman v. Jordan, 415 U.S. 651, 667
(1974).

Thus, in the instant case, Plaintiffs could bring a
§ 1983 claim for prospective injunctive relief against Defendant

---

[5] Although not expressly stated in the First Amended
Complaint, based on the allegations therein, this Court construes
the First Amended Complaint as alleging claims against Defendant
Abercrombie in his official capacity only.

Abercrombie, in his official capacity.  The First Amended

Complaint, however, merely seeks injunctive relief for past

conduct.  Plaintiffs essentially ask this Court to undo the

cancellation of the Lease and their ejection from the Property.

Plaintiffs' claims therefore do not seek prospective injunctive

relief.  Defendant Abercrombie, in his official capacity, is not

a "person" as defined in § 1983 for purposes of claims for

retrospective injunctive relief.  In addition, sovereign immunity

precludes such claims.  Plaintiffs' § 1983 claims for injunctive

relief against Defendant Abercrombie, in his official capacity,

are DISMISSED WITH PREJUDICE because Plaintiffs cannot cure the

defects in those claims by amendment.

      B.    **Other Claims**

      To the extent that the First Amended Complaint can be

construed as alleging claims other than the § 1983 claims against

the State Defendants, they argue that the claims have already

been litigated, or should have been litigated, in

Frederick H.K. Baker, Jr., & Haunani Y. Baker v. Department of

Hawaiian Home Lands, et al., Civil No. 07-1-0371, Third Circuit

Court, State of Hawai`i ("Baker v. DHHL").  [Mem. in Supp. of

State Defendants' Motion at 11.]  This Court agrees.

      Baker v. DHHL was an appeal of the cancellation of

Plaintiffs' Lease.  The circuit court entered judgment in favor

of the defendants, and the Intermediate Court of Appeals ("ICA")

affirmed on appeal, holding that the cancellation of the Lease

was lawful.  Baker v. DHHL, No. 29503, 2010 WL 3373913 (Hawai`i

Ct. App. Aug. 27, 2010).

This Court must look to Hawai`i law to determine

whether the judgment in Baker v. DHHL has preclusive effect.  See

Bumatay v. Fin. Factors, Ltd., Civil No. 10-00375 JMS/LEK, 2010

WL 3724231, at *4 (D. Hawai`i Sept. 16, 2010).

> Under Hawaii law, claim preclusion
> prevents a party from relitigating "not only
> . . . issues which were actually litigated in
> [a prior] action, but also . . . all grounds
> of claim and defense which might have been
> properly litigated in the [prior] action."
> See Aganos v. GMAC Residential Funding Corp.,
> 2008 WL 4657828, at *4 (D. Haw. Oct. 22,
> 2008) (quoting Bremer v. Weeks, 104 Haw. 43,
> 53, 85 P.3d 150, 160 (2004)).
>
> [Bumatay, 2010 WL 3724231,] at *4 (alterations in
> original).
>
> As the parties asserting claim preclusion,
> the Moving Defendants have the burden of
> establishing that: "'(1) there was a final
> judgment on the merits, (2) both parties are the
> same or in privity with the parties in the
> original suit, and (3) the claim decided in the
> original suit is identical with the one presented
> in the action in question.'"  Id. at *5 (quoting
> Bremer, 104 Haw. at 54, 85 P.3d at 161).

Ounyoung v. Fed. Home Loan Mortg. Corp., Civil No. 12-00322

LEK-KSC, 2012 WL 5880673, at *4 (D. Hawai`i Nov. 21, 2012) (some

alterations in Ounyoung) (some citations omitted).

First, there was a final judgment on the merits in

Baker v. DHHL because Plaintiffs did not seek further review

13

after the ICA denied their motion for reconsideration.
No. 29503, 2010 WL 3640199 (Hawai`i Ct. App. Sept. 16, 2010).
Second, the plaintiffs were the same in both Baker v. DHHL and
the instant case, and DHHL was a defendant in both cases.  Third,
Baker v. DHHL decided the same issue that Plaintiffs present in
the instant case, whether the DHHL's cancellation of Plaintiffs'
Lease was proper.  The instant case also addresses the ejection
from the Property, which occurred after Baker v. DHHL, but
Plaintiffs' claims based on the ejection also rely upon the
allegation that the that the cancellation of the Lease was
improper.  This Court therefore concludes that the claim
preclusion doctrine applies and that this Court cannot rule upon
any of Plaintiffs' claims that are premised upon Plaintiffs'
challenge to the cancellation of the Lease.

Plaintiffs argue that the doctrine of preclusion does
not prevent this Court from ruling on the issues in this case
because "Plaintiffs voluntarily dismissed their appeal in the
State Court to enable them to file in this Court."  [State
Opposition at 6.]  Plaintiffs attached Appellant's Motion to
Voluntarily Dismiss His Appeal in Frederick H.K. Baker, Jr. v.
State of Hawaii, by its Department of Hawaiian Home Lands ("Baker
v. State"), filed in the ICA on June 3, 2013.  [Id., Exh. A.]
The ICA granted the motion.  Baker v. State, No. CAAP-13-0000951,
2013 WL 3270304 (Hawai`i Ct. App. June 25, 2013).  Baker v.

14

State, however, is not the same case as Baker v. DHHL. The subject matter of Baker v. State is not clear from the limited information available about the case, but the State of Hawai`i, Department of Hawaiian Home Lands was the Plaintiff-Appellee, and Frederick H.K. Baker, Jr. was the Defendant-Appellant. Thus, the dismissal of the appeal in Baker v. State has no effect on the preclusive effect of Baker v. DHHL.

In addition, this Court notes that, insofar as there are overlapping issues between the instant case and Baker v. DHHL and Baker v. State, Plaintiffs ask this Court to conduct what is effectively an appellate view of the state courts' decisions. The Rooker-Feldman doctrine prevents this Court from ruling on such a request.

> [T]he Rooker-Feldman doctrine . . . generally
> prevents this court from exercising appellate
> jurisdiction over state-court decisions. D.C.
> Court of Appeals v. Feldman, 460 U.S. 462, 482–86
> (1983); Rooker v. Fid. Trust Co., 263 U.S. 413,
> 415–16 (1923). The Rooker-Feldman doctrine states
> that:
>
> > a losing party in state court is barred from
> > seeking what in substance would be appellate
> > review of the state judgment in a United
> > States District Court, based on the losing
> > party's claim that the state judgment itself
> > violates the loser's federal rights.
>
> Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir.
> 1998) (quoting Johnson v. DeGrandy, 512 U.S. 997,
> 1005–06 (1994)).

Castro v. Melchor, Civil No. 07-00558 LEK-BMK, 2012 WL 4092425, at *14 (D. Hawai`i Sept. 14, 2012) (quoting Tejada v. Deutsche

15

Bank Nat'l Trust Co., Civil No. 10-00136 SOM/KSC, 2011 WL
3240276, at *5 (D. Hawai`i July 27, 2011)).

This Court therefore concludes that, insofar as the
First Amended Complaint alleges claims against the State
Defendants other than § 1983 claims, the claim preclusion
doctrine and the Rooker-Feldman doctrine prevent this Court from
considering Plaintiffs' claims.  Further, this Court finds that,
based upon the factual allegations and the procedural history in
this case, Plaintiffs cannot cure the defect in the remaining
claims against the State Defendants by amendment.  Thus, all
remaining claims in the First Amended Complaint against the State
Defendants are DISMISSED WITH PREJUDICE.[6]

## III. **Claims Against Defendant Davis**

As to Defendant Davis, both Count I and Count II allege
that Defendants Davis, Gordon, and Parker violated Plaintiffs'
constitutional rights when they participated in the illegal
taking of Plaintiffs' radio tower.  [First Amended Complaint at
¶¶ 15-16, 18-19.]  This Court notes that the First Amended
Complaint does not state what Defendant Davis's role was in the
radio tower transactions.[7]

_____

[6] In light of this Court's rulings, it is unnecessary to
address the State Defendants' other arguments for dismissal.

[7] Plaintiffs allege generally that Defendants Gordon,
Parker, and Davis "are individuals who purchased a radio license
to operate a radio station on the Island of Hawai`i, and who
(continued...)

The First Amended Complaint recognizes that Defendants Gordon, Parker, and Davis are individuals.  [Id. at ¶ 5.]  The First Amended Complaint does not allege that they are employed by, or have any other connection to, the State.  The Ninth Circuit has stated:

> Although § 1983 makes liable only those who act "under color of" state law, "even a private entity can, in certain circumstances, be subject to liability under section 1983."  Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954 (9th Cir. 2008) (en banc).  Specifically, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982).  "The Supreme Court has articulated four tests for determining whether a private [party's] actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test."  Franklin v. Fox, 312 F.3d 423, 444-45 (9th Cir. 2002). . . .

Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139-40 (9th Cir. 2012) (some alterations in Tsao).

This Court has stated:

**1. [] Public Function**
Under the public function test, a private actor's conduct qualifies as state action where the private actor is endowed with state powers or functions that are traditionally and exclusively

---

[7](...continued)
illegally sold and purchased Plaintiffs' property, specifically radio towers."  [First Amended Complaint at ¶ 5.]  Plaintiffs allege that Defendant Gordon purchased a radio license from Plaintiffs, and Defendant Gordon subsequently sold the license, along with Plaintiffs' radio tower, to Defendant Parker.  [Id. at ¶¶ 15-16.]

17

governmental in nature.  Kirtley [v. Rainey], 326 F.3d [1088,] 1092 [(9th Cir. 2003)]. . . .

**2. [] State Compulsion**
    The compulsion or coercion test considers whether the state has coercively influenced or significantly encouraged the private conduct. Kirtley, 326 F.3d at 1094. . . .

**3. [] Joint Action**
    A private individual may also "be liable under § 1983 if she conspired or entered joint action with a state actor."  Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (quoting Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002)).  The court must determine whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity.  This occurs when the state knowingly accepts the benefits derived from the unconstitutional behavior."  Kirtley, 326 F.3d at 1093 (citation omitted).

    To state a viable conspiracy claim under § 1983, however, "the plaintiff must [allege] specific facts to support the existence of the claimed conspiracy."  Burns v. Co. of King, 883 F.3d 819, 821 (9th Cir. 1989) (citation omitted). To do so, "a plaintiff must demonstrate the existence of an agreement or meeting of the minds" to violate constitutional rights."  Crowe, 593 F.3d 841, 875 (citation and quotation marks omitted)."

            . . . .

**4. General Nexus**
    Finally, the more general nexus test "asks whether 'there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'"  Kirtley, 326 F.3d at 1094-95 (quoting Brentwood, 531 U.S. at 295). . . .

Kaeo-Tomaselli v. Patterson, Civ. No. 11-00764 LEK-BMK, 2011 WL

6934760, at *5-6 (D. Hawai`i Dec. 30, 2011) (some alterations in Kaeo-Tomaselli).

Plaintiffs assert that the radio tower was on the Property and that Defendant Davis could not have "act[ed] in the buying of Plaintiffs' property without the consent of the State of Hawai`i, making his actions under color of state law." [Mem. in Opp. at 3.]  For purposes of the Davis Motion, this Court accepts Plaintiffs' assertion that the State had notice of, and consented to, Defendant Davis's purchase of a radio tower on Hawaiian Home Lands.  That alone, however, is not sufficient to render Defendant Davis a state actor.  Even viewing the First Amended Complaint in the light most favorable to Plaintiffs, there are no allegations that, if proven, would support a finding that Defendant Davis's involvement in the radio tower transactions: constituted a public function; was the result of state compulsion; was a joint action with the State; or had such a close nexus with the State that it should be deemed an action by the State itself.  This Court therefore concludes that Plaintiffs failed to plead plausible § 1983 claims against Defendant Davis.

Although it may be possible to imagine some set of hypothetical facts which might render Defendant Davis a state actor in the radio tower transactions, nothing in the First Amended Complaint or Plaintiffs' Davis Opposition suggests that

19

plausible facts exist in this case.  This Court therefore finds that allowing Plaintiffs to amend their claims against Defendant Davis would be futile.  See Johnson, 834 F.2d at 724.  This Court GRANTS the Davis Motion and DISMISSES all claims in the First Amended Complaint against Defendant Davis WITH PREJUDICE.

## IV.  Remaining Claims in This Case

This Court has dismissed all of Plaintiffs' claims against the State Defendants and Defendant Davis with prejudice. The only claims remaining in this case are Plaintiffs' claims against Defendants Gordon and Parker.  Plaintiffs apparently have not yet served the First Amended Complaint on Defendants Gordon and Parker and, as previously noted, the magistrate judge recently denied Plaintiffs' motion for an extension of time to complete service.

Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs have 120 days from the filing of the First Amended Complaint on June 12, 2013 to effect service on Defendants Gordon and Parker. In other words, Plaintiffs must effect service by no later than **October 10, 2013**.  If Plaintiffs are unable to effect service on Defendants Gordon and Parker by **October 10, 2013**, Plaintiffs must file a motion for an extension of time to complete service and the motion must show good cause for the failure to complete service.  See Fed. R. Civ. P. 4(m).  Plaintiffs must file their

20

motion for an extension of time by no later than

**October 17, 2013.**

　　　This Court CAUTIONS Plaintiffs that, if they fail to

complete service on Defendants Gordon and Parker by

**October 10, 2013**, and they fail to establish good cause for their

failure, this Court will dismiss Plaintiffs' claims against

Defendants Gordon and Parker without prejudice.   See id.

**CONCLUSION**

　　　On the basis of the foregoing, the State Defendants'

Motion to Dismiss Plaintiffs' First Amended Civil Rights

Complaint with Jury Demand Filed June 12, 2013, which the State

Defendants filed on July 1, 2013, and Defendant Davis's Motion to

Dismiss Plaintiffs' First Amended Civil Rights Complaint with

Jury Demand Filed on June 12, 2013, which Defendant Davis filed

on August 7, 2013, are HEREBY GRANTED.   All of Plaintiffs' claims

against the State Defendants and all of Plaintiffs' claims

against Defendant Davis are HEREBY DISMISSED WITH PREJUDICE.

This Court directs the Clerk's Office to terminate the State

Defendants and Defendant Davis as parties.

　　　Only Plaintiffs' claims against Defendant Gordon and

Defendant Parker remain.   This Court CAUTIONS Plaintiffs that, if

they fail to comply with the terms of this Order regarding

service of the First Amended Complaint upon Defendant Gordon and

Defendant Parker, this Court may dismiss Plaintiffs' claims

21

against Defendant Gordon and Defendant Parker without prejudice for failure to serve.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 4, 2013.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

FREDERICK H.K. BAKER, JR., ET AL. V. STATE OF HAWAI`I, ET AL; CIVIL 13-00159 LEK-KSC; ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CIVIL RIGHTS COMPLAINT WITH JURY DEMAND FILED JUNE 12, 2013 AND GRANTING DEFENDANT ROBERT KORBEL DAVIS JR.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CIVIL RIGHTS COMPLAINT WITH JURY DEMAND FILED JUNE 12, 2013