IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FREDERICK H.K. BAKER, JR. and HAUNANI Y. BAKER,<br><br>      Plaintiffs,<br><br>  vs.<br><br>STATE OF HAWAI`I; STATE OF HAWAI`I BY ITS' DEPARTMENT OF HAWAIIAN HOME LANDS; NEIL ABERCROMBIE; HUGH E. GORDON; SCOTT D. PARKER; ROBERT KORBEL DAVIS, JR; JOHN DOES 1-100; and JANE DOES 1-100,<br><br>      Defendants. | CIVIL NO. 13-00159 LEK-KSC |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING STATE DEFENDANTS' AND DEFENDANT ROBERT KORBEL DAVIS JR.'S MOTION TO DISMISS**

Before the Court is pro se Plaintiffs Frederick H.K. Baker, Jr. and Haunani Y. Baker's (collectively, "Plaintiffs") motion for reconsideration of this Court's October 7, 2013 dismissal order ("Motion for Reconsideration"), filed on October 25, 2013. [Dkt. no. 71.] Defendant Robert Korbel Davis, Jr. ("Defendant Davis") filed his memorandum in opposition on November 11, 2013, and Defendants the State of Hawai`i ("the State"), Department of Hawaiian Home Lands ("DHHL"), and Neil Abercrombie's (collectively, "the State Defendants")[1] filed their

---

[1] This Court will refer to the State Defendants, Defendant Davis, and Defendants Hugh E. Gordon and Scott D. Parker collectively as "Defendants."

memorandum in opposition on November 12, 2013.  [Dkt. nos. 78, 79.]  Plaintiffs filed their reply on December 2, 2013.[2]  [Dkt. no. 80.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background is set forth in this Court's October 7, 2013 Order Granting State Defendants' Motion to Dismiss Plaintiffs' First Amended Civil Rights Complaint with Jury Demand Filed June 12, 2013 and

---

[2] This Court notes that the deadline for Plaintiffs to file their reply was November 29, 2013.  [Dkt. no. 73.]  This Court has considered Plaintiffs' reply, even though it was untimely, because the delay did not prejudice Defendants.  This Court, however, does not condone the failure to comply with court rules and deadlines, and this Court cautions Plaintiffs that the failure to comply with court deadlines in the future may result in sanctions, including the striking of untimely filings.  This Court recognizes that Plaintiffs are proceeding pro se and that they live on Island of Hawai`i.  Plaintiffs' pro se status, however, does not excuse them from complying with court rules and deadlines.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (citations omitted)), *overruled on other grounds by* Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012).  Plaintiffs are therefore responsible for mailing each filing to the district court far enough before the deadline so that the Clerk's Office will receive and file the document on or before the filing deadline.

Granting Defendant Robert Korbel Davis Jr.'s Motion to Dismiss Plaintiffs' First Amended Civil Rights Complaint with Jury Demand Filed June 12, 2013 ("10/7/13 Order").  [Dkt. no. 66.[3]]

In the 10/7/13 Order, this Court ruled that: Plaintiffs' damages claims under 42 U.S.C. § 1983 against the State Defendants fail because the State Defendants are not "persons" for purposes of § 1983 actions for damages and because the State Defendants are protected by sovereign immunity; Plaintiffs' § 1983 claims for injunctive relief against Defendant Abercrombie, in this official capacity, fail because Plaintiffs only seek retrospective relief; this Court cannot consider Plaintiffs' other claims against the State Defendants because of the claim preclusion doctrine and the Rooker-Feldman doctrine;[4] and Plaintiffs failed to plead plausible § 1983 claims against Defendant Davis because the First Amended Complaint did not present any allegations that would support a finding that he was a state actor.  This Court therefore dismissed all of Plaintiffs' claims against the State Defendants and Defendant Davis.  This

---

[3] The 10/7/13 Order is also available at 2013 WL 5563923.

[4] "[T]he Rooker-Feldman doctrine . . . generally prevents this court from exercising appellate jurisdiction over state-court decisions."  10/7/13 Order, 2013 WL 5563923, at *6 (alterations in 10/7/13 Order) (citations and block quote format omitted) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482–86, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 68 L. Ed. 362 (1923)).

3

Court dismissed the claims with prejudice because this Court found that allowing Plaintiffs to amend the claims would be futile.

In the Motion for Reconsideration, Plaintiffs argue that this Court should not have dismissed their claims and, to the extent that any of their claims were properly dismissed, this Court should have dismissed the claims without prejudice.

## STANDARD

In order to obtain reconsideration of the 10/7/13 Order, Plaintiffs' Motion for Reconsideration "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`I July 12, 2011) (citations omitted). This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178–79 (9th Cir. 1998)).

**DISCUSSION**

**I. Alleged Bias and Plaintiffs' Disagreement with the Order**

Plaintiffs' primary arguments are that this Court has misinterpreted the factual basis of their claims and failed to follow the applicable case law regarding motions to dismiss. Plaintiffs contend that this is evidence that this Court is biased in favor of Defendants. Plaintiffs argue that this Court must recuse itself from the instant case.

28 U.S.C. § 455[5] requires a judge to recuse herself when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." In re Marshall, 721 F.3d 1032, 1041 (9th Cir. 2013) (citation and quotation marks omitted).

> Proof of actual bias is not required under § 455(a). Instead, bias should "be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). "It is well established that the recusal inquiry must be made from the perspective of a reasonable observer who is informed of all surrounding facts and circumstances." Cheney v. U.S. Dist. Ct., 541 U.S. 913, 924, 124 S. Ct. 1391, 158 L. Ed. 2d 225 (2004) (emphasis and internal quotation marks omitted).

Id. In Marshall, as in the instant case, the party accusing the

---

[5] Plaintiffs have not filed an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists[.]" 28 U.S.C. § 144. It was therefore unnecessary to assign another judge to consider Plaintiffs' request for recusal.

5

judge of bias relied solely upon adverse rulings and the judge's actions during the case.  The Ninth Circuit held that these did not satisfy the standard for recusal.  Id. at 1042.

> Insofar as Elaine points to Judge Bufford's judicial rulings as evidence of bias, such "rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555, 114 S. Ct. 1147. "Almost invariably, they are proper grounds for appeal, not for recusal." Id.  Moreover, "the judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)." United States v. Holland, 519 F.3d 909, 913-14 (9th Cir. 2008) (quoting Liteky, 510 U.S. at 555, 114 S. Ct. 1147).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555, 114 S. Ct. 1147.

Id. at 1041.  Insofar as Plaintiffs have only cited adverse rulings against them as the alleged evidence of this Court's bias, this Court finds that recusal is not warranted in this case.

Similarly, to the extent that Plaintiffs' Motion for Reconsideration merely indicates Plaintiffs' disagreement with this Court's rulings, that is not sufficient grounds for reconsideration of the 10/7/13 Order.  See White, 424 F. Supp. 2d at 1274 ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988))).  Thus, to the

extent that Plaintiffs move for recusal and/or reconsideration on the basis of their disagreement with this Court's rulings in the 10/7/13 Order, Plaintiffs' Motion for Reconsideration is DENIED.

**II.  Other Arguments**

In addition to arguing that this Court is biased, Plaintiffs emphasize that this Court previously ordered mediation in this case.  [Order Directing Mediation, filed 7/24/13 (dkt. no. 38).]  Plaintiffs argue "[t]hat alone shows there are facts to support a denial of State Defendants' Motion to Dismiss." [Motion for Reconsideration at 6.]  This Court's order directing the parties to mediate "the issues related to the storage of Plaintiffs' belongings," [Order Directing Mediation at 1,] was in no way a substantive ruling on the merits of Plaintiffs' claims. This Court merely directed the parties to try to reach an agreement that would allow Plaintiffs to recover their belongings that were confiscated during the eviction because the State Defendants' continued possession of items was not necessary to the on-going litigation of the legal issues in this case.  Thus, the Order Directing Mediation is not relevant to the issues this Court addressed in the 10/7/13 Order.

Plaintiffs also argue that it was manifestly unjust for this Court to rule on the motions to dismiss before either this Court or the magistrate judge ruled on Plaintiffs' motion to join Mike Yellen as a plaintiff.  [Filed 9/30/13 (dkt. no. 60).]  The

magistrate judge ultimately denied Plaintiffs' motion to join Mr. Yellen, finding that there was no basis for either a required joinder pursuant to Fed. R. Civ. P. 19(a) or a permissive joinder pursuant to Fed. R. Civ. P. 20(a).  [Order Denying Pltfs.' Motion for Joinder of Mike Yellen as a Pltf. in the Instant Cause of Action, Pursuant to FRCP, Rule 19, 20, and 21, filed 11/4/13 (dkt. no. 74).]  Thus, even if this Court had reserved ruling on the motions to dismiss until the magistrate judge ruled upon the motion to join Mr. Yellen, it would not have changed this Court's rulings on the motion to dismiss.

As to Defendant Davis's motion to dismiss, Plaintiffs argue that, because the 10/7/13 Order recognized that "it may be possible [that there is] some set of hypothetical facts which might render Defendant Davis a state actor in the radio tower transactions," 2013 WL 5563923, at *8, this Court should have dismissed Plaintiffs' claims against Defendant Davis without prejudice.  In order to survive a motion to dismiss, a plaintiff must allege "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plaintiffs' First Amended Complaint did not plead factual conduct that would allow this Court to draw the reasonable inference that Defendant Davis was a state actor in the radio tower transactions.  Neither Plaintiffs' opposition to

8

Defendant Davis's motion to dismiss nor Plaintiffs' filings associated with the instant Motion for Reconsideration indicate that Plaintiffs can amend their First Amended Complaint to allege facts that would support a reasonable inference that Defendant Davis was a state actor in the radio tower transactions. This Court therefore concludes that Plaintiffs have not identified any ground that would warrant reconsideration of this Court's ruling that allowing Plaintiffs leave to amend their First Amended Complaint would be futile.

In summary, none of the arguments in Plaintiffs' Motion for Reconsideration raises an intervening change in controlling law, the availability of new evidence, the need to correct clear error, or the need to prevent manifest injustice. To the extent that Plaintiffs' reply presents different variations of their arguments, those arguments are not properly before this Court, as Plaintiffs should have raised the arguments in the Motion for Reconsideration itself. See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded."). This Court therefore finds that Plaintiffs have not identified any ground that would warrant reconsideration of the 10/7/13 Order.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration of This Court's Order Granting State Defendants'

and Defendant Robert Korbel Davis Jr.'s Motion to Dismiss, filed October 25, 2013, is HEREBY DENIED.

This Court reminds Plaintiffs that they must serve Defendants Hugh E. Gordon and Scott D. Parker with the First Amended Complaint by **December 20, 2013**.  [Dkt. no. 69.]  This Court CAUTIONS Plaintiffs that, if they fail to serve Defendants Gordon and Parker with the First Amended Complaint by December 20, 2013, this Court will dismiss Plaintiffs' claims against Defendants Gordon and Parker without prejudice.  See Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 13, 2013.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FREDERICK H.K. BAKER, JR., ET AL. VS. STATE OF HAWAI`I, ETC., ET AL; CIVIL NHO. 13-00159 LEK-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING STATE DEFENDANTS' AND DEFENDANT ROBERT KORBEL DAVIS JR.'S MOTION TO DISMISS**